UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REBECCA ASHER PREISS, | § | Cv. No. 5:14-CV-00395-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, AS TRUSTEE | § | |
| FOR GSAMP 2002-HE2, MORTGAGE | § | |
| PASS THROUGH CERTIFICATES, | § | |
| SERIES 2002-HE2, and OCWEN | § | |
| LOAN SERVICING, LLC. | § | |
| Defendants. | § | |

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS

Before the Court is a Motion for Judgment on the Pleadings filed by

Defendants Deutsche Bank National Trust Company, as Trustee for GSAMP 2002-

HE2, Mortgage Pass Through Certificates, Series 2002-HE2 ("Deutsche Bank")

and Ocwen Loan Servicing, LLC (collectively, "Defendants").  (Dkt. # 5.)

Pursuant to Local Rule 7(h) the Court finds this matter suitable for disposition

without a hearing.  For the reasons that follow, the Court **GRANTS** Defendants'

Motion.

BACKGROUND

On August 30, 2013, Plaintiff filed her "Application for Ex-Parte

1

Restraining Order and Temporary Injunction" ("TRO Application") in the 218th District Court in Wilson County, Texas, to stop a foreclosure on real property located at 314 Creek Lane, Poth, Texas 78147 (the "Property").  (Dkt. # 1, Ex. C-1.)  In the TRO Application, Plaintiff stated that she was behind in her payments on the Property and had requested a payoff amount numerous times, but Defendants refused and/or failed to provide one.  (Id.)  Further, Plaintiff asserted that Defendants refused to "enter into any meaningful dialogue or negotiation on this matter," and that Defendants filed a "Notice of Substitute Trustee's Sale" scheduling a foreclosure sale for September 3, 2013.  (Id.)  Plaintiff requested a temporary restraining order enjoining Defendants from proceeding with the scheduled foreclosure.  (Id.)  The temporary restraining order was granted the same day, setting an expiration date of fourteen days after the date of entry.  (Dkt. # 1, Ex. C-2.)

On April 30, 2014, Defendants filed a Notice of Removal in district court asserting diversity jurisdiction under 28 U.S.C. § 1332.  (Dkt. # 1.)  On May 30, 2014, Defendants filed the instant Motion for Judgment on the Pleadings.  (Dkt. # 5.)  Despite an April 30, 2014 letter sent to Plaintiff's attorney regarding admission to the Western District of Texas, Plaintiff's attorney has not sought admission, nor has he made any appearance on Plaintiff's behalf in this action; Defendants' Motion for Judgment on the Pleadings is unopposed.

Pursuant to Local Rule 7(e)(2), "[i]f there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(e)(2). Given that Plaintiff did not file a Response, Local Rule 7(e)(2) permits this Court to grant Defendants' Motion as unopposed. Nonetheless, the Court will independently examine the merits of Defendants' Motion.

## STANDARD OF REVIEW

I.  Rule 12(c) Motion

Federal Rule of Civil Procedure 12(c) provides that after the pleadings are closed a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard of review for evaluating 12(c) motions is the same as the standard for evaluating 12(b)(6) motions. Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." Id. (quoting Hughes v. The Tobacco Inst., Inc., 278 F.3d 417, 420 (5th Cir. 2001)). Although we must accept well-pleaded factual allegations as true, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." Id. at 556.

## DISCUSSION

In their Motion for Judgment on the Pleadings, Defendants argue that Plaintiff's complaint does not assert any factual allegations against Defendants stating a valid cause of action. (Dkt. # 5 at 2.) Rather, Plaintiff has filed a TRO Application against Defendants, seeking only injunctive relief and asserting no causes of action. (Id.) Thus, Defendants assert that Plaintiff's TRO Application fails to states a claim upon which relief can be granted and must therefore be dismissed. (Id.) The Court agrees.

In her TRO Application, Plaintiff states the following facts:

> Movant became behind in her payments and has requested payoff, is preparing house for sale and is awaiting financing approval. Movant has requested payoff amount numerous times and Respondent has refused and/or failed to provide the payoff amount. Additionally, Respondent has refused or failed to enter into any meaningful dialogue or negotiation on this matter. However, prior to such settlement, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR GSAMP 2002-HE2, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2002-HE2 and OCWEN LOAN SERVICING, LLC caused to be filed a "Notice of Substitute Trustee's Sale" with the foreclosure sale scheduled to take place September 3, 2013.
>
> Movant requests a temporary restraining order, ordering Respondents, and their agents, servants, employees, to desist and refrain from proceeding with the foreclosure sale. Such sale will cause Movant immediate, continuing and irreparable harm for which there is no remedy. Such sale will cause Movant to suffer damages in excess of the minimum jurisdiction amount of this court.

4

(Dkt. # 1, Ex. C-1.)  These allegations fail to state any cause of action.  Rather, Plaintiff concedes that she has become "behind" in her payments and, as a result, Defendants initiated foreclosure proceedings.  Even assuming her allegation that Defendants refused and/or failed to provide her with a payoff amount despite numerous requests states a valid claim for relief, Plaintiff has not alleged any facts whatsoever regarding these alleged "numerous" requests for a payoff amount, nor has she alleged she was entitled to a payoff amount.  Further, even assuming Plaintiff's allegations in her TRO Application as true, Plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 556.

Further, Plaintiff is not entitled to injunctive relief.  Under both Texas and federal law, "the purpose of a preliminary injunction is always to prevent irreparable injury so as to the preserve the court's ability to render a meaningful decision on the merits."  <u>Meis v. Sanitas Serv. Corp.</u>, 511 F.2d 655 (5th Cir. 1975); <u>Butnaru v. Ford Motor Co.</u>, 84 S.W.3d 198, 205 (Tex. 2002) ("A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits.").  Here, however, Plaintiff has not asserted any causes of action against Defendants and therefore there is no basis for an injunction.

## CONCLUSION

For the reasons given, the Court hereby **GRANTS** Defendants' Motion for Judgment on the Pleadings (Dkt. # 5.)  Plaintiff's case is dismissed.

IT IS SO ORDERED.

DATED: San Antonio, Texas, August 13, 2014.

_____
David Alan Ezra
Senior United States Distict Judge